### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HELEN MAE GULLY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FARMERS INSURANCE COMPANY, )<br>INC., )<br>)<br>Defendant. ) | Case No. CIV-08-0401-F |

### ORDER

Plaintiff's "Motion to Dismiss and Order for Remand," filed April 16, 2008, is before the court. (Doc. no. 5.) Defendant has responded by objecting to remand, and plaintiff has not filed a reply brief. Accordingly, the motion is fully briefed and ready for determination.

This action was removed based on diversity jurisdiction. In such a situation, the parties agree, and the court concurs, that for purposes of federal jurisdiction the amount in controversy is ordinarily determined by the allegations of the complaint; when the complaint is not dispositive, however, then the jurisdictional amount is determined by the allegations included in the notice of the removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds the jurisdictional amount. *Id*. Punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied, Flowers v. EZPawn Oklahoma, Inc., 307 F. Supp. 2d 1191, 1198 (N.D. Okla. 2004) citing Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943). In considering whether a punitive damages claim will make the amount in

controversy meet the jurisdictional requirement, the Supreme court has stated that the issue is "whether it is apparent to a legal certainty from the complaint that [plaintiff] could not recover . . . sufficient punitive damages to make up the requisite [jurisdictional amount]." Bell, 320 U.S. at 240-41.

This action brings breach of contract claims and bad faith claims against an insurer for the insurer's alleged failure to timely evaluate and pay the plaintiff's claim on an uninsured/underinsured motorist policy. The petition (doc. no. 1, ex. 2) alleges that plaintiff submitted a claim to the adverse driver's carrier for $78,000, and that policy limits of $30,000 were tendered to the plaintiff. This allegation presumably leaves plaintiff with alleged unpaid damages as a result of the accident of $48,000. The petition goes on to allege that plaintiff "repeatedly requested" that defendant provide plaintiff with an evaluation of her underinsured motorist claim but that defendant failed to do so. The petition alleges that defendant's actions constitute "bad faith and breach of contract." The petition demands "both compensatory and punitive damages" and seeks judgment "in excess of $10,000...."

These allegations are indeterminate with regard to whether the jurisdictional amount is in controversy in this action. Accordingly, the court goes on to consider the allegations contained in the notice of removal.

The notice of removal (doc. no. 1) states that the uninsured/underinsured motorist policy at issue has policy limits of $30,000. The removal notice states that under Oklahoma law, punitive damages may be awarded in an amount equal to the actual damages awarded or $100,000.00, whichever is greater. *See*, 23 O.S. Supp. 2002 § 9.1.

The mere invocation of punitive damages does not necessarily establish the amount in controversy. Considering the petition and the notice of removal together, however, there is more than a mere invocation of punitive damages here. For

example, plaintiff has alleged, with at least some particularity, the conduct that supports her bad faith claim and recovery of punitive damages – her repeated requests for an evaluation of her claim and defendant's failure to provide such an evaluation or pay the claim. The notice of removal provides factual information indicating that the policy limits in question are $30,000. Read with the petition, this information suggests the potential value of plaintiff's breach of contract claim, alone, is $30,000. The notice of removal also cites the Oklahoma punitive damages statute and analyses plaintiff's potential recovery of punitive damages under that statute, concluding that she might recover as much as $100,000 in punitive damages. Finally, the petition seeks not only punitive damages but also otherwise unspecified "compensatory" damages. Such damages conceivably include emotional distress or economic damages (beyond breach of contract damages) that may have resulted from defendant's alleged failure to timely evaluate plaintiff's claim or pay that claim.[1]

After careful consideration, the court finds that defendant has carried its burden to show that the requisite jurisdictional amount of $75,000 is in controversy. Plaintiff's motion for remand, including her request for attorneys' fees, is **DENIED**.

Dated this 21st day of May, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0401p002(pub).wpd

---

[1] The court has not considered other evidence offered by the defendant, such as plaintiff's broad discovery requests and plaintiff's failure to stipulate to damages of less than $75,000. It is not clear under Laughlin and Martin v. Franklin Capital Corporation, 251 F.3d 1284 (10th Cir. 2001) (see discussion in Martin at 1291, n.4) whether the court may consider these matters as they are not included in the petition or the notice of removal. If it is proper to consider these matters, they fortify the result reached in this order.